# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DANITA DAWN KOCHICK, )
Administratrix of the Estates of )
CARL T. SUMLER, deceased, )
BRENDA J. SUMLER, deceased, and )
DANNY C. SUMLER, deceased, )
　)
     Plaintiff, )
　)
vs. ) Case No. CIV-08-882-M
　)
SHERYL W. HANNA, an Oklahoma )
resident; CRAIG BEATY MOORE, M.D, )
an Oklahoma resident; and NABILA )
HASSAN ELZIND, M.D., an Oklahoma )
resident, )
　)
     Defendants. )

## ORDER

  Before the Court is defendants Craig B. Moore, M.D. and Nabila H. El Zind, M.D.'s ("Doctor Defendants") Motion to Amend Witness and/or Exhibit Lists, filed March 12, 2010. On March 22, 2010, plaintiff filed her objection, and on March 23, 2010, defendant Sheryl W. Hanna ("Hanna") filed her response. Based upon the parties' submissions, the Court makes its determination.

  Hanna was diagnosed with a seizure disorder in 2000. The Doctor Defendants treated Hanna for her seizure disorder for over seven years (2000 - 2007). On May 19, 2007, Hanna was driving home and claims she had a seizure which caused her to lose consciousness and control of her vehicle. Hanna crossed the center line and struck an automobile carrying four people, causing their deaths. Hanna survived the accident.

  Plaintiff, the administratrix of the estates of three of the individuals killed in the accident, has brought this action against Hanna and against the Doctor Defendants for their negligence

regarding their medical care and treatment of Hanna. This case is currently set on the Court's May 2010 trial docket. The deadline for defendants to file final witness and exhibit lists was December 18, 2009.

Sometime in mid January 2010, defendant Dr. Moore received a copy of a letter report from sleep specialist, Elliot Schwartz, D.O., to Hanna's current treating neurologist, Luis Reina, M.D. According to the Doctor Defendants, this report diagnosed a heretofore unknown medical condition of Hanna unrelated to her seizure condition which could have caused the automobile accident at issue in the instant matter. On March 3, 2010, defendant Dr. Moore sent the letter to his counsel. Based upon this report, the Doctor Defendants move the Court to allow them access to the medical records of Drs. Reina and Schwartz and for permission to add these records as exhibits which may be used during the trial of this matter and to add Drs. Reina and Schwartz as witnesses who may be called.

Plaintiff objects to the Doctor Defendants' motion and contends that the motion seeks irrelevant evidence. Plaintiff further asserts that whether the accident giving rise to this lawsuit occurred as a result of Hanna's seizure has never been at issue. Plaintiff also contends that any opinion, if permitted, that the accident was caused by anything other than Hanna's seizure will be sheer speculation. Plaintiff contends that there is nothing to suggest that a sleep condition in 2010 can supplant the existence of the diagnosed seizure disorder at the time of the accident. Additionally, plaintiff asserts that if the motion is granted, depositions would necessarily need to be re-taken, more trans-continental travel would be required to depose the Doctor Defendants' experts, and new experts might even need to be consulted and retained, and that this would be unduly burdensome on plaintiff.

Hanna also objects to the Doctor Defendants' motion. She asserts that there is no dispute that the records the Doctor Defendants now seek are confidential and subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") safeguards and that there is no dispute that Hanna has not waived the confidentiality of these records.[1] Additionally, Hanna asserts that access to the records sought should be denied because records reflecting or related to the state of her health or medical treatment nearly three years after the accident is so remote that they are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hanna further asserts that the production of these records should not be permitted due to defendant Dr. Moore's wrongful handling and dissemination of an indisputably confidential medical record. Finally, Hanna contends that when her deposition concluded on October 19, 2009, the Doctor Defendants had all the information necessary to identify and seek to depose the doctors who treated her after the accident and could have listed these witnesses and records timely; the fact that they failed to do so indicates that they believed Hanna's post-accident medical treatment was neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Federal Rule of Civil Procedure 16(b)(4) requires that the Doctor Defendants show "good cause" for amending their witness and/or exhibit lists out of time. Having carefully reviewed the parties' submissions, the Court finds the Doctor Defendants have not made the requisite showing. Specifically, the Court finds that Hanna's post-accident medical treatment, and particularly treatment nearly three years after the accident at issue, is so remote from the accident that it is neither relevant

---

[1] Hanna also asserts that by the time Dr. Moore came into possession of the letter report from Dr. Schwartz, Dr. Moore knew he had no doctor/patient relationship with Hanna, because he had withdrawn himself from her care more than a year earlier, and by sending the report to counsel, he violated Hanna's right to privacy under HIPAA.

nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Further, the Court finds that after Hanna's deposition the Doctor Defendants had all the information necessary to identify and seek to depose the doctors who treated her after the accident and could have listed these witnesses and records timely. Finally, the Court finds that granting the Doctor Defendants' motion would impose a burden upon the remaining parties in this case; witnesses, and particularly expert witnesses, would likely need to be re-deposed and new experts would likely need to be consulted and retained.

Accordingly, the Court DENIES the Doctor Defendants' Motion to Amend Witness and/or Exhibit Lists [docket no. 74].

**IT IS SO ORDERED this 20th day of April, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE