# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANITA DAWN KOCHICK, Administratrix of the Estates of CARL T. SUMLER, deceased, BRENDA J. SUMLER, deceased, and DANNY C. SUMLER, deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>SHERYL W. HANNA, an Oklahoma resident; CRAIG BEATY MOORE, M.D., an Oklahoma resident; and NABILA HASSAN ELZIND, M.D., an Oklahoma resident,<br><br>     Defendants. | Case No. CIV-08-882-M |

## ORDER

This case is scheduled for trial on the Court's May 2010 trial docket.

Before the Court is defendants Craig Beaty Moore, M.D. and Nabila El Zind, M.D.'s ("Doctor Defendants") Motion for Summary Judgment, filed December 16, 2009. On January 4, 2010, plaintiff and defendant Sheryl W. Hanna ("Hanna") filed their responses, and on January 11, 2010, the Doctor Defendants filed their reply. On February 16, 2010, the Doctor Defendants filed a supplemental brief to their motion, and on February 24, 2010, plaintiff filed her response to the Doctor Defendants' supplemental brief. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Hanna began suffering from seizures in 2000 and received treatment for a partially controlled unpredictable seizure disorder from that time forward. Defendant Craig Moore, M.D. was Hanna's family practice physician, and defendant Nabila El Zind, M.D., a neurologist, began providing care

to Hanna regarding her seizure disorder in 2001. Evidence whether the Doctor Defendants advised Hanna that it was unsafe for her to drive is conflicting.

On May 19, 2007, Hanna was driving home and claims she had a seizure which caused her to lose consciousness and control of her vehicle. Hanna crossed the center line and struck an automobile carrying four people, causing their deaths. Hanna survived the accident. Plaintiff, the administratrix of the estates of three of the individuals killed in the accident, has brought this action against Hanna and against the Doctor Defendants for their negligence regarding their failure to warn Hanna not to drive due to her seizure disorder. The Doctor Defendants now move for summary judgment.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

The Doctor Defendants contend that because they had no physician-patient relationship with the decedents, they had no legal duty to them and that because a duty is required in a negligence action to prove a prima facie case of negligence, plaintiff has no valid cause of action against them.

2

Plaintiff and Hanna contend that the Doctor Defendants had a duty to the decedents to warn Hanna not to drive due to her seizure disorder.

The essential elements of a negligence claim are: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty, and (3) injuries to the plaintiff proximately caused by the defendant's failure to exercise his duty of care. *McKellips v. St. Francis Hosp. Inc.*, 741 P.2d 467, 470 (Okla. 1987). "The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed." *Wofford v. E. State Hosp.*, 795 P.2d 516, 518 (Okla. 1990).

> Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking. Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court. . . . Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury.

*Id.* at 519 (internal quotations and citations omitted). Further, "[a]s a general rule a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous." *Id.* (internal quotations and citations omitted). Oklahoma law, however, is silent as to whether a physician has a special relationship, either with his patient or with the foreseeable class of victims, that imposes a duty upon the physician to advise a patient who is subject to seizures not to drive a motor vehicle.

Having carefully reviewed the parties' submissions, and given the nature of the condition involved in the present case – partially controlled unpredictable seizure disorder, the Court finds that it is clearly foreseeable that the Doctor Defendants' alleged failure to warn Hanna not to drive would

endanger the motoring public, which would include the decedents in this case. Specifically, the Court finds that in light of Hanna's partially controlled unpredictable seizure disorder, the likelihood of injury to a third party due to an automobile accident arising from the Doctor Defendants' failure to inform Hanna not to operate a motor vehicle is not so rare or unusual an occurrence as to be considered unforeseeable. In fact, it appears that the Doctor Defendants do not dispute the foreseeability that Hanna would endanger others if she drove.

Further, in addition to the foreseeability of harm, the Court finds that there are other circumstances involved in this case which would support finding that the Doctor Defendants had a duty to the decedents to warn Hanna not to drive due to her seizure disorder. First, the Doctor Defendants had a doctor/patient relationship with Hanna and, therefore, already had a duty of care to Hanna, which would include warning her not to drive. Thus, the duty that the Doctor Defendants would have as to third party motorists would be consistent with the duty that they would owe to Hanna – the duty to warn Hanna not to drive. Thus, even though it may appear that the scope of liability would be expanded to include injuries to foreseeable victims other than the patient, the standard of medical care to the patient remains the same. Second, the Court finds that the duty at issue – the duty to warn Hanna not to drive – does not involve the revelation of Hanna's medical condition to any third party, but just the giving of advice by a doctor to his patient. Third, the Court finds that in the instant case, there is no material risk of a conflict between the Doctor Defendants' duty to their patient and any duty they may owe to the potential victim class, because the risk each faces is the same – if Hanna were to suffer a seizure while driving, Hanna and any other motorist or pedestrian in her path would all be in mortal danger. Finally, the Court finds that the severity of

the danger to the potential victim class if the physician fails reasonably to advise his patient not to drive after a seizure supports a finding of a duty in this case.

On the other hand, the Court finds that there is no support for a finding that the Doctor Defendants had a duty to report Hanna's seizure disorder to the Oklahoma Department of Public Safety pursuant to Okla. Stat. tit. 47, § 6-207. Any reporting requirements under this statute are clearly voluntary. *See* Okla. Stat. tit. 47, § 6-207 ("Every physician . . . treating an individual for any illness or injury that would impair the ability of the individual in any manner as to affect the performance of the person to operate a motor vehicle, <u>may</u> make a written report of the diagnosis to the State Department of Public Safety.") (emphasis added). Because this Court finds that the Defendant Doctors' duty to the motoring public does not include reporting Hanna's seizure disorder to the Oklahoma Department of Public Safety, the Court finds that there is little risk that the imposition of a duty to warn patients not to drive under the circumstances at issue in the instant case will create a conflict between the doctor and the patient, discourage patients from disclosing sensitive medical information to their doctors, or otherwise materially burden the doctor-patient relationship. Further, the Court finds that the immunity from civil liability that is granted to Oklahoma physicians who make a report to the Oklahoma Department of Public Safety demonstrates a legislative intent to encourage physicians to protect not only their patients with seizure disorders who may harm themselves by driving but also to protect the motoring public as well. *See id.* ("[A]ny person or physician or any medical personnel participating in good faith and without negligence or malicious intent in making of a report pursuant to this act shall have the immunity from civil liability that might otherwise be incurred or imposed.").

Finally, citing a recent Oklahoma Supreme Court case, the Defendant Doctors contend that it is necessary to have a physician-patient relationship between the plaintiff and a defendant physician to bring a medical malpractice claim. While the Defendant Doctors are correct in their recitation of Oklahoma law, the Court finds such law is inapplicable to the instant case. The case at bar is not a medical malpractice action; it is simply a negligence action where two of the defendants are physicians. The duty involved in this case is not that of a doctor to his patient but the duty a physician has to the motoring public to warn his patient not to drive.

Accordingly, for the reasons set forth above, the Court finds that the Defendant Doctors had a duty to the decedents to warn Hanna not to drive due to her seizure disorder.[1] Because there is a disputed issue of material fact as to whether the Doctor Defendants breached this duty and whether said breach proximately caused the injuries to plaintiff, the Court finds the Doctor Defendants are not entitled to summary judgment.

IV.     Conclusion

The Court, therefore, DENIES the Doctor Defendants' Motion for Summary Judgment [docket no. 30].

**IT IS SO ORDERED this 29th day of April, 2010.**

*Vicki Miles-LaGrange* (signature)
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court would note that its finding of a duty is limited to those circumstances involved in the instant case – a physician treating a patient with an uncontrolled seizure disorder – and is limited to only a duty to warn their patient not to drive and does not include any duty to report the seizure disorder to the Oklahoma Department of Public Safety or any duty to control Hanna, their patient.

6