# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DANITA DAWN KOCHICK, )
Administratrix of the Estates of )
CARL T. SUMLER, deceased, )
BRENDA J. SUMLER, deceased, and )
DANNY C. SUMLER, deceased, )
　)
    Plaintiff, )
　)
vs. )  Case No. CIV-08-882-M
　)
SHERYL W. HANNA, an Oklahoma )
resident; CRAIG BEATY MOORE, M.D., )
an Oklahoma resident; and NABILA )
HASSAN ELZIND, M.D., an Oklahoma )
resident, )
　)
    Defendants. )

## ORDER

  Before the Court is defendants Craig Beaty Moore, M.D. and Nabila Hassan Elzind, M.D.'s ("Doctor Defendants") Motion to Reconsider or in the Alternative Motion for New Trial, filed May 5, 2010.[1] The Doctor Defendants move the Court to reconsider its summary judgment order of April 29, 2010 and contend that the Court's determination of a duty owed to the motoring public is not supported in Oklahoma law and is materially prejudicial to the Doctor Defendants.

  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a

---

[1]The Court is a bit perplexed as to why the Doctor Defendants are moving for a new trial since there has not yet been a trial in this case.

party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the Doctor Defendants' motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend the Doctor Defendants' position, and it did not misapprehend the controlling law. In its motion, the Doctor Defendants simply revisit issues that were addressed in the Court's April 29, 2010 Order and advance arguments that could have been raised in prior briefing.[2]

Accordingly, the Court DENIES the Doctor Defendants' Motion to Reconsider or in the Alternative Motion for New Trial [docket no. 119].

**IT IS SO ORDERED this 6th day of May, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court would note that in their motion, the Doctor Defendants assert that the Court's ruling somehow usurps the jury's role to determine causation. However, in its Order, the Court specifically found that there were disputed issues of fact as to the causation element of plaintiff's negligence claim and, thus, made no ruling on this element.